IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MICAH WASHINGTON, § <br> JACORIEN HENRY, and § <br> TORIS HOWARD, as Next of Kin § <br> To Minor S.W., § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> CITY OF REFORM, DANA § <br> ELMORE, and JODY ELMORE § <br> § <br> Defendants. § | Case No.: 7:25-cv-00138-ACA |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

COME NOW the Defendants, City of Reform ("City") and Officer Dana Elmore in her official capacity ("Officer Elmore/Official Capacity"), by and through undersigned counsel, and, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully move this Honorable Court to dismiss the following counts in Plaintiffs' Amended Complaint (Doc. 21): Count I: Violation of 42 U.S.C. § 1983 – Excessive Force against Officer Elmore/Official Capacity, Count II: Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure against Officer Elmore/Official Capacity, Count III: Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure against Officer Elmore/Official Capacity, Count IV: Violation of 42 U.S.C. § 1983 –

Unreasonable Search and Seizure against Officer Elmore/Official Capacity, Count VII: Violation of 42 U.S.C. § 1983 – Deliberate Indifference against Officer Elmore/Official Capacity, Count VIII: Violation of 42 U.S.C. § 1983 *Monell* Liability against the City, Count X: Negligence against Officer Elmore/Official Capacity, Count XI: Wantonness against Officer Elmore/Official Capacity, and Count XII: Assault and Battery against Officer Elmore/Official Capacity. As grounds for said Motion, the City and Officer Elmore would show unto the Court as follows:

## PROCEDURAL HISTORY

1. On January 27, 2025, Plaintiffs Micah Washington ("Washington"), Jacorien Henry ("Henry"), and Toris Howard, as Next of Kin for Minor S.W. ("S.W."), filed their original Complaint against the City, Officer Elmore, and Deputy Jody Elmore ("Deputy Elmore") in the United States District Court for the Northern District of Alabama. (Doc. 1). Plaintiffs' original Complaint stated Officer Elmore "is being sued in her individual and official capacities" (Doc. 1, ¶ 5), and consisted of fourteen (14) counts, but did not specify in what capacity Officer Elmore was being sued under each count.

2. The City of Reform was served on February 20, 2025 (Doc. 5) and Officer Elmore was served on March 20, 2025 (Doc. 8).

3. On March 12, 2025, the City filed a Motion for More Definite Statement because an official capacity suit against Officer Elmore/Official Capacity

is the equivalent to a suit against the City, and Plaintiffs' Complaint did not specify in what capacity Officer Elmore was being sued under each count, making the City unable to respond to Plaintiffs' Complaint. (Doc. 6).

4. On April 3, 2025, the Court granted the City's Motion for More Definite Statement and ordered the Plaintiffs to file a notice identifying the capacity in which Officer Elmore and Deputy Elmore are sued for each count by April 10, 2025. (Doc. 9).

5. On April 10, 2025, Plaintiffs' filed a Response to Defendant City of Reform's Motion for a More Definite Statement and Motion for Leave to File Amended Complaint and attached a proposed Amended Complaint. (Docs. 15 and 15-1).

6. On April 10, 2025, Deputy Elmore filed a Motion to Dismiss Plaintiffs' original Complaint. (Doc. 16).

7. On April 23, 2025, Plaintiffs filed a Motion for Extension of Time to Respond to Defendant Jody Elmore's Motion to Dismiss on the grounds it would be moot if the Court grants Plaintiffs' Motion for Leave to File Amended Complaint, as the Amended Complaint would be the operative pleading. (Doc. 19).

8. On April 25, 2025, the Court issued an Order addressing Plaintiffs' Motion for Leave to File Amended Complaint finding Plaintiffs' Motion moot, as the Plaintiff is allowed, pursuant to Federal Rule Civil Procedure 15, to amend a

complaint once as a matter of course within twenty-one (21) days of the defendant filing a responsive pleading or motion under Federal Rule Civil Procedure 12(b)(6). (Doc. 20).

9. On May 1, 2025, Plaintiffs filed an Amended Complaint specifying the capacity in which Officer Elmore is being sued, adding a *Monell* claim against the City, and an additional facts section to allegedly support their *Monell* claim. Plaintiffs' Amended Complaint consists of fifteen (15) counts, which are as follows:

a. Count I: Violation of 42 U.S.C. § 1983 – Excessive Force: "This Count applies to Plaintiff Micah Washington and **Defendant Officer Dana Elmore** in her individual and **official capacities**." (Doc. 21, ¶ 85).

b. Count II: Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure: "This Count applies to Plaintiff Micah Washington and **Defendant Officer Dana Elmore** in her individual and **official capacities**." (Doc. 21, ¶ 94).

c. Count III: Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure: "This Count applies to Plaintiff Jacorien Henry and **Defendant Officers** in their individual and **official capacities**." (Doc. 21, ¶ 101).

d. Count IV: Violation of 42 U.S.C. § 1983 – Unreasonable Search and Seizure: "This Count applies to Plaintiff Toris Howard, as Next of Kin for Minor S.W., and **Defendant Officers** in their individual and **official capacities**." (Doc. 21, ¶ 110).

e. Count V: Violation of 42 U.S.C. § 1983 – Malicious Prosecution: "This Count applies to Plaintiff Micah Washington and Defendant Officer Dana Elmore in her individual capacity." (Doc. 21, ¶ 118).

f. Count VI: Violation of 42 U.S.C. § 1983 – Malicious Prosecution: "This Count applies to Plaintiff Jacorien Henry and Defendant Officer Dana Elmore in her individual capacity." (Doc. 21, ¶ 128).

g. Count VII: Violation of 42 U.S.C. § 1983 – Deliberate Indifference: "This Count applies to Plaintiff Micah Washington and **Defendant Officer Dana Elmore** in her individual and **official capacities**." (Doc. 21, ¶ 136).

h. Count VIII: Violation of 42 U.S.C. § 1983 – *Monell* Liability: "This count applies to all Plaintiffs and **Defendant City**." (Doc. 21, ¶ 144).

i. Count IX: Municipal Liability – Neglectfulness, Unskillfulness, or Carelessness: "This Count applies to all Plaintiffs and **Defendant City**." (Doc. 21, ¶ 153).

j. Count X: Negligence: "This Count applies to all Plaintiffs and **Defendant Officers** in their individual and **official capacities**." (Doc. 21, ¶ 161).

k. Count XI: Wantonness: "This Count applies to Plaintiff Micah Washington and **Defendant Dana Elmore** in her individual and **official capacity**." (Doc. 21, ¶ 168).

l. Count XII: Assault and Battery: "This [C]ount applies to Plaintiff Micah Washington and **Defendant Officer Dana Elmore** in her individual and **official capacities**." (Doc. 21, ¶ 175).

m. Count XIII: False Imprisonment: "This Count applies to Plaintiff Micah Washington and Defendant Officer Dana Elmore in her individual capacity." (Doc. 21, ¶ 180).

n. Count XIV: False Imprisonment: "This Count applies to Mr. Henry and Defendant Officers in their individual capacities." (Doc. 21, ¶ 188).

o. Count XV: False Imprisonment: "This Count applies to Plaintiff Toris Howard, as Next of Kin for Minor S.W., and Defendant Officers in their individual capacities." (Doc. 21, ¶ 197).

10. This Motion addresses Counts I, II, III, IV, VII, VIII, X, XI, and XII.

## LEGAL STANDARDS

I.     FEDERAL LAW STANDARD

The United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41 (1957) wrote that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 45-46.

However, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the court declared that *Conley*'s "no set of facts" language "has earned its retirement . . . [and]

[t]he phrase is [now] best forgotten as incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

In *Twombly*, and later in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the court articulated a refined pleading standard. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. "Second, only a complaint that states a *plausible* claim for relief survives a motion to dismiss." *Id*. at 679 (emphasis added). "To survive a motion to dismiss, a complaint *must contain sufficient factual matter*, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Id*. at 678 (emphasis added) (quoting *Twombly*, 550 U.S at 570).

In *Jacobs v. Tempur Pedic Int'l, Inc.*, 626 F.3d 1327 (11th Cir. 2010), the court explained that:

> "Plausibility is the key, as the "well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570, [. . .]". And to nudge the claim across the line, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555, [. . . ]."

*Id*. at 1333. "Stated differently, the factual allegations of the complaint must [now] 'possess enough heft' plausibly to suggest that the plaintiff is entitled to relief."

*Weissman v. NASD*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557).

In a 2009 decision discussing the standard of review for a Rule 12(b)(6) motion, the Eleventh Circuit articulated the pleading standard in the following manner:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 9 1937, 1949 (2009) (noting 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions'). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, 'but we are not required to draw plaintiff's inference.' *Aldana v. Del Monte Fresh Produce, N.A., Inc.* 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, 'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id*; see also *Iqbal*, 129 S. Ct at 1951 (stating conclusory allegations are 'not entitled to be assumed true').

*Sinaltrainal v. Coca-Cola,* 578 F.3d 1252, 1260-61 (11th Cir. 2009). The court also stated:

> …, in *Iqbal*, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand 'more than an unadorned, the defendant-unlawfully-harmed-me accusation.' *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Id*. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.' *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974.

*Id*. at 1261.

## II. STATE LAW STANDARD

The Supreme Court of Alabama has recognized that the standard for a Rule 12(b)(6) motion to dismiss is whether the Complaint states a "plausible" claim for relief. *See Ex parte Gilland*, 274 So.3d 976, 985 (Ala. 2018) (holding complaint failed to state a claim upon which relief could be granted where plaintiff "failed to provide any factual basis for even plausibly concluding a [defendant] acted willfully, maliciously, fraudulently, in bad faith, or beyond her authority").

In *Gilland*, the Alabama Supreme Court adopted this plausibility standard for Rule 12(b)(6) motions to dismiss. The court held that a complaint fails to state a claim against a defendant when the complaint does not plead factual allegations that plausibly establish his claim. *Id*. at 985. Accordingly, Alabama's standard mirrors the federal pleading standard, which the United States Supreme Court adopted in *Twombly*.

## ARGUMENT

### I.  FEDERAL LAW CLAIMS

**A. Plaintiffs' federal law claims against Officer Elmore in her official capacity are subsumed into Plaintiffs'** *Monell* **claim against the City.**

"[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an

officer is an agent.'" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Suits against municipal officers are, in actuality, suits directly against the city that the officer represents. *Id*. Because local government units can be sued directly, there is no need to bring an official capacity action against a government official. *Id*. Therefore, suits against a municipal officer sued in her official capacity are "functionally equivalent" to direct suits against a municipality. *Id*. Under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. at 691. Section 1983 imposes liability on a government that, under color of some official policy, "causes" an employee to violate another's constitutional rights. *Id*. at 692. The language of § 1983, i.e. "any person who," cannot be easily read to impose vicarious liability on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor. *Id*.

Therefore, Plaintiffs' § 1983 claims under Count 1, Count 11, Count III, Count IV, and Count VII against Officer Elmore in her official capacity are due to be dismissed because they are "functionally equivalent" to a direct suit against the City, which can only be held liable under *Monell*, and not on a *respondeat superior* theory. *Busby*, 931 F.2d at 776; *Monell*, 436 U.S. at 691.

**B. Count VIII: Violation of 42 U.S.C. § 1983 – *Monell* Liability of Plaintiffs' Amended Complaint fails to state a claim for which relief can be granted because the Plaintiffs have failed to allege facts sufficient to establish the City had a policy or custom in place that caused the violation of a constitutionally protected right.**

Under *Monell*, a municipality cannot be liable under § 1983 pursuant to a theory of vicarious liability. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Rather, a municipality is only liable under § 1983 when the "municipality *itself* causes the constitutional violation at issue" through the execution of its official policy or maintenance of a custom. *Id.* "A policy is a decision that is officially adopted by the municipality," while "[a] custom is a practice that is so settled and permanent that it takes on the force of law." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). "[R]andom acts or isolated incidents are insufficient to establish a custom." *Depew v. City of St. Mary's*, 787 F.2d 1496, 1499 (11th Cir. 1986).

When the municipal policy is itself facially unconstitutional, meaning the municipality's policy itself violates the constitution or directs its employees to do so, "resolving 'issues of fault and causation is straightforward.'" *Am. Fed'n of Lab. & Cong. Of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1187 (11th Cir. 2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997)). Here, Plaintiffs simply have not alleged the substance of any officially promulgated policy by the City which caused the alleged constitutional violations. Therefore,

Plaintiffs' § 1983 *Monell* claim against the City necessarily rises or falls on whether Plaintiffs have plausibly established that the City has the requisite custom of such constitutional violations. For Plaintiffs to demonstrate such a custom, it is "'generally necessary to show a persistent and wide-spread practice'" of such constitutional violations; a "'practice that is so settled and permanent that it takes on the force of law.'" *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (quoting *Wayne v. Jarvis*, 197 F.3d 1098 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)); *see also Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (citing *Monell*, 438 U.S. at 690-94).

However, when "a facially-lawful municipal action is alleged to have caused a municipal employee to violate a plaintiff's constitutional rights, the plaintiff must establish 'that the municipal action was taken with "deliberate indifference" as to its known or obvious consequences.'" *Am. Fed'n of Lab. & Cong. Of Indus. Orgs.*, 637 F.3d at 1187 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty.*, 520 U.S. at 407). Further, "a municipality's failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy 'if the municipality tacitly authorizes these actions or displays deliberate indifference' towards the misconduct." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001) (quoting *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987)).

There are two varieties of ratification theories under *Monell*. When a plaintiff relies on a single incident of alleged unconstitutional conduct, the plaintiff must allege that "policymakers have had the opportunity to review subordinates' decisions before they become final." *Thomas ex. rel. Thomas v. Roberts*, 261 F.3d 1160, 1174 (11th Cir. 2001), *vacated on other grounds by Thomas v. Roberts*, 536 U.S. 953 (2002). The policymaker must ratify not only the unconstitutional decision but also the unconstitutional basis for the decision. *See Matthews v. Columbia County*, 294 F.3d 1294, 1297 (11th Cir. 2002). But when a plaintiff relies on a pattern of unconstitutional conduct, "persistent failure to take disciplinary action against officers can give rise to the inference that a municipality has ratified conduct, thereby establishing a[n] [unconstitutional] 'custom' within the meaning of *Monell*." *Thomas ex Thomas*, 261 F.3d at 1175 n.12 (quoting *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985)).

Here, Plaintiffs have failed to allege a single prior incident of unconstitutional conduct, let alone a pattern and practice of unconstitutional conduct. Rather, Plaintiffs offer only conclusory statements in their effort to support their newly added *Monell* claim. Plaintiffs allege:

> 148. As alleged more fully above, Defendant Elmore's actions of using excessive and unreasonable force against Mr. Washington were undertaken pursuant to a policy or custom of the City of Reform. More specifically, prior to December 2, 2023, Defendant City allowed and ratified its officers' conduct of using excessive and unreasonable force on compliant, non-threatening individuals.

> 149. Additionally, prior to December 2, 2023, Defendant City allowed and ratified its officer's conduct of detaining and arresting individuals without articulable reasonable suspicion and/or probable cause.
>
> 150. Defendant City's policies and customs were the driving force behind Defendant Dana Elmore's actions of using excessive force against Mr. Washington and unreasonably searching and seizing Plaintiffs.

(Doc. 21, ¶¶ 148-50). Although Plaintiffs claim "[a]s alleged more fully above," under Count VIII, Plaintiffs "FACTUAL ALLEGATIONS" section provides no additional factual allegations that could possibly support a § 1983 *Monell* claim. Section VII, the new addition to Plaintiffs' factual allegations provides:

> 81. Defendant Dana Elmore's actions in using excessive force and unreasonable searching and seizing Plaintiffs were undertaken pursuant to a policy and custom of Defendant City of Reform. Prior to December 2, 2023, Defendant City allowed and ratified a pattern and practice of misconduct from its officers – including making arrests without probable cause and the use of excessive and unreasonable force.
>
> 82. More specifically, prior to December 2, 2023, Defendant City failed to investigate, discipline, and/or prosecute known incidents of misconduct, including that of excessive and unreasonable force on compliant, non-threatening individuals.
>
> 83. Defendant Dana Elmore's actions alleged herein were directly and proximately ratified by Defendant City's omissions and failures to act. Therefore, Defendant City's omissions and failures to act constituted customs and policies of Defendant City.

(Doc. 21, ¶¶ 81-3). Plaintiffs' Amended Complaint fails to include a single allegation that shows any well-settled, persistent, and widespread custom or practice by the

City of using excessive and unreasonable force on compliant individuals and detaining and arresting individuals without reasonable suspicion and/or probable cause. Indeed, Plaintiffs have failed to allege any previous factual underpinnings at all for the alleged customs and practices, much less an allegation of any similar prior incidents which have occurred, and which would have placed the City on notice of the need for corrective action to prevent such alleged constitutional violations from occurring again. Rather, Plaintiffs have merely made conclusory factual allegations of custom and policy, which fail to plausibly establish a § 1983 *Monell* claim of municipal liability.

Plaintiffs have merely used "labels and conclusions and a formulaic recitation of the elements of a cause of action," which will not suffice. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 556 U.S. 662, 679. Accordingly, Plaintiffs' § 1983 claim under Count VIII for *Monell* liability falls short of the basic pleading requirements for such a claim and is therefore due to be dismissed.

II.    STATE LAW CLAIMS

**A. Plaintiffs' claim for Negligence against Officer Elmore in her official capacity under Count X is duplicative of Plaintiffs' claim against the City under Count IX.**

Count IX: Municipal Liability is asserted against the City and alleges Officer Elmore carried out her job duties in a neglectful, unskillful, and/or careless manner

when she demanded Plaintiffs' identification, tased Washington, searched and detained S.W., and participated in Henry's arrest. (Doc. 21, ¶¶ 154-58).

Under Alabama law, a municipality may be held liable for damages in two situations: neglect, carelessness, or unskillfulness of an agent of the municipality, or failure to remedy a defect in the streets, alleys, public ways, or buildings after the same has been called to the attention of the municipality or existed for such an unreasonable length of time as to raise a presumption of knowledge of said defect. Ala. Code 1975 § 11-47-190.

Count X: Negligence is asserted against Officer Elmore in her individual and official capacities, and similarly alleges that Officer Elmore negligently tased Washington, arrested Washington, searched and arrested Henry, and searched and detained S.W. (Doc. 21, ¶¶ 163-65).

"[C]laims that are brought against municipal employees "in their official capacity" are [], as a matter of law, claims against the municipality." *Morrow v. Caldwell*, 153 So.3d 764, 771 (Ala. 2014) (citing *Smitherman v. Marshall Cnty. Comm'n*, 746 So.2d 1001, 1007 (Ala. 1999)).

Because Plaintiffs' factual allegations supporting Count IX and Count X are virtually the same, Plaintiffs' claim against Officer Elmore in her official capacity under Count X should be dismissed, as it is, in effect, a claim against the City, and duplicative of Count IX. *Morrow*, 153 So.3d at 771.

**B. Plaintiffs' claims for intentional conduct against Officer Elmore in her official capacity under Count XI: Wantonness and Count XII: Assault and Battery are due to be dismissed because a municipality cannot be held liable for intentional torts.**

As stated above, an official capacity claim against a municipal official is, in effect, a claim against the City. *Morrow*, 153 So.3d at 771. Plaintiffs' claims for wanton conduct are tort claims other than negligence. Claims against a municipality are predicated on Alabama Code § 11-47-190, which states in relevant part, "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the *neglect, carelessness, or unskillfulness* of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line and scope of his or her duty." (emphasis added).

Under Alabama law, *intentional* tort claims cannot be brought against a municipality. Ala. Code §11-47-190 (1993). *Hillard v. City of Huntsville*, 585 So.2d 889, 892 (Ala. 1991). Accordingly, Plaintiffs' claims for Wantonness and Assault and Battery against Officer Elmore in her official capacity under Count XI and Count XII are due to be dismissed.

**C. Plaintiffs' claim for punitive damages against the City under their State law claims is due to be dismissed, as punitive damages may not be awarded against a municipality.**

Pursuant to Alabama Code § 6-11-26, punitive damages may not be awarded against a municipality. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271

(1981). Therefore, Plaintiffs' claim for punitive damages against the City under their State law claims is due to be dismissed.

WHEREFORE, these premises considered, the City of Reform and Officer Dana Elmore, in her official capacity, requests that Plaintiffs' claims against them as outlined above be dismissed with prejudice, and for such other relief as the Court deems proper.

RESPECTFULLY SUBMITTED this the 15th day of May, 2025.

*/s/ A. COURTNEY CROWDER*
A. Courtney Crowder (asb-4598-d61a)
Attorney for Defendants City of Reform and
Officer Dana Elmore in her Official Capacity

*/s/ KRISTA B. ROACH*
Krista B. Roach (asb-6912-e150)
Attorney for Defendants City of Reform and
Officer Dana Elmore in her Official Capacity

OF COUNSEL:
PHELPS, JENKINS, GIBSON & FOWLER, L.L.P.
Post Office Box 020848
Tuscaloosa, Alabama 35402-0848
Tel. No.: (205) 345-5100
accrowder@pjgf.com
kroach@pjgf.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing document upon all counsel of record in this cause via United States mail with postage prepaid thereon, and/or electronic mail, and/or hand delivery, and/or by filing a copy of the foregoing via CM/ECF which will provide electronic notice to all CM/ECF participants.

This the 15th day of May, 2025.

                                      ***/s/ A. COURTNEY CROWDER***
                                      Attorney for Defendant