UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **MICAH WASHINGTON,** **JACORIEN HENRY,** and **TORIS HOWARD,** as Next of Kin To **Minor S.W.**  )<br>)<br>)<br>)<br>)<br>Plaintiffs  )<br>)<br>v.  )<br>)<br>**CITY OF REFORM,** **DANA ELMORE,** and **JODY ELMORE**  )<br>)<br>)<br>)<br>Defendants  ) | Case No.: 7:25-cv-00138-ACA |

## DEFENDANT DANA ELMORE'S MOTION FOR PARTIAL DISMISSAL

Comes now Dana Elmore ("Officer Elmore"), who is one of the defendants in this case, and in her individual capacity, moves this Court, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss certain claims against her in plaintiffs' amended complaint ("the complaint") (Doc. 21).[1]  More specifically, Officer Elmore shows this Court as follows:

---

[1] Plaintiffs' claims against Officer Elmore in her official capacity (Doc. 212, Counts 1-4, 7, and 10-12, specifically ¶¶ 5, 85, 94, 101, 110, 136, 161, 168, 175) are discussed in a separate motion to dismiss filed by defendant City of Reform, Alabama ("Reform"), which Officer Elmore adopts and incorporates here. The gist of that argument is that said claims are tantamount to plaintiffs' claims against Reform itself, which means that plaintiffs' official-capacity claims against Officer Elmore are redundant to and duplicative of the claims against Reform and, therefore, they are due to be dismissed.  See e.g. United States v. Strickland, 261 F. 3d 1271, 1273

1.      Plaintiffs' claims pursuant to 42 U.S.C. §1983 ("§1983") premised on the Fourteenth Amendment fail to state a claim for relief and should be dismissed.

2.      Plaintiff Micah Washington's ("Washington's") §1983 claim for excessive force (Count 1) is subsumed within his §1983 claim for unlawful search and seizure (Count 2), so Count 1 is due to be dismissed.

3.      Washington's §1983 claim for deliberate indifference (Count 7) is duplicative of his §1983 claim for unlawful search and seizure (Count 2); alternatively, the deliberate indifference claim is barred by the doctrine of qualified immunity and due to be dismissed.

4.      Qualified immunity bars parts of each plaintiff's §1983 claims for unlawful search and seizure (Counts 2-4), so those parts are due to be dismissed.

5.      Washington's 1983 claim for malicious prosecution (Count 5) and plaintiff Jacorien Henry's §1983 claim for malicious prosecution (Count 6) fail to state claims for relief and are due to be dismissed.

---

(11th Cir. 2001); *Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1184-85 (M.D. Ala. 1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1975) (citations omitted)); *Todd v. Kelley*, 783 So.2d 31, 38 (Ala. Civ. App. 2000).

6.	Henry's and plaintiff Toris Howard's (as next of kin to minor S.W.) ("S.W.") state law claims for negligence (Count 10) fail to state claims for relief and should be dismissed.

7.	Henry's and S.W.'s claims for false imprisonment (Counts 14 & 15) fail to state claims for relief, so they are due to be dismissed.

8.	Even if Henry and S.W. have plausibly stated claims for negligence and false imprisonment, the doctrine of state-agent immunity nevertheless bars those claims, so they are due to be dismissed.

9.	To the extent they also support dismissal of plaintiffs' claims against her, Officer Elmore hereby adopts as her own, and she incorporates herein by reference, the motions to dismiss filed by the other defendants in this case, inclusive of the arguments, grounds, and authorities cited in those motions.

In support of this motion for partial dismissal, Officer Elmore is contemporaneously filing a memorandum brief.

**WHEREFORE, THE ABOVE PREMISES HAVING BEEN CONSIDERED,** defendant Dana Elmore moves this Court (a) to grant this motion for partial dismissal, (b) to enter an order of dismissal consistent herewith, and (c) to grant her other and different relief to which she is entitled.

/s/ Terry A. Sides
Terry A. Sides (ASB-7513-E47T)
Attorney for Defendant Dana Elmore

Of Counsel:
Hale Sides LLC
600 Financial Center
505 20th Street North
Birmingham, AL 35203
205.453.9800
tsides@halesides.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, I served a copy of the above and foregoing on the following by using the Court's electronic filing system:

Attorneys for Plaintiffs:
Leroy Maxwell, Jr.
Kristen E. Gochett
1820 3rd Avenue North, Suite 300
Birmingham, AL 35203
205.216.3304
maxwell@mxlawfirm.com
kgochett@mclawfirm.com

Richard Allan Rice
115 Richard Arrington Jr. Blvd. North
Birmingham, AL 35203
205.618.8733
rrice@rice-lawfirm.com

Attorneys for Defendant City of Reform:
A. Courtney Crowder
Krista B. Roach
1201 Greensboro Ave. - Post Office Box 020848
Tuscaloosa, AL 35402-0848
205.345.5100
accrowder@pjgf.com
kroach@pigf.com

<u>Attorneys for Defendant Jody Elmore:</u>
Constance Caldwell Walker
Joshua A. Willis
P.O. Box 238
Montgomery, AL 36101-0238
334.262.1850
cwalker@wmwfirm.com
jwillis@wmwfirm.com

/s/ Terry A. Sides
Of Counsel